# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JAIMEE FOUGNER, | Civil No. 08-5157 (JRT/JJK) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| I-FLOW CORPORATION, DJO INCORPORATED, HOSPIRA, INC., and ABBOTT LABORATORIES, | |
| Defendants. | |

Yvonne M. Flaherty, **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401-2179; Robert K. Jenner, **JANET, JENNER & SUGGS LLC**, 1829 Reisterstown Road, Suite 320, Baltimore, MD 21208; and Jeff S. Gibson, **COHEN & MALAD, LLP**, One Indiana Square, Suite 1400, Indianapolis, IN 46204, for plaintiffs.

Michael C. Lindberg, **JOHNSON & LINDBERG, PA**, 7900 International Drive, Suite 960, Minneapolis, MN 55425-1582; and Geoffrey M. Coan and Maynard M. Kirpalani, **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**, 260 Franklin Street, Fourteenth Floor, Boston, MA 02110-3112, for defendant I-Flow Corporation.

Kathleen S. Hardway and Michaela F. Roberts, **VENABLE LLP**, 750 East Pratt Street, Suite 900, Baltimore, MD 21202; Jeannine L. Lee and Sara H. Daggett, **FLYNN GASKINS & BENNETT, LLP**, 333 South 7th Street, Suite 2900, Minneapolis, MN 55402, for defendants Hospira, Inc. and Abbott Laboratories

Plaintiff Jaimee Fougner brought this products liability action against defendants I-Flow Corporation ("I-Flow"); DJO Incorporated ("DJO"); AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca Holdings Inc. (collectively, the "AstraZeneca defendants"); Hospira, Inc. ("Hospira"); Abbott Laboratories ("Abbott"); and Eastman Kodak Company ("Eastman Kodak"). Fougner filed a motion to dismiss

Abbott and Hospira from the case with prejudice, but I-Flow opposes that motion and, in the alternative, asks that the Court dismiss those parties without prejudice. For the reasons discussed below, the Court dismisses Abbott and Hospira from the case without prejudice.

**BACKGROUND**

On September 27, 1999, Fougner underwent shoulder surgery. (*Id.* ¶ 12.) In conjunction with that surgery, Fougner's orthopedic surgeon implanted in her shoulder a pain pump catheter manufactured by I-Flow and/or DJO. (*Id.* ¶¶ 13, 18.) The pain pump injected anesthetic medication via catheter directly into Fougner's shoulder on a continuous basis following Fougner's surgery. (Compl. ¶¶ 14, 18, Docket No. 1.) Fougner alleges that Abbott and Hospira are pharmaceutical companies that research, develop, manufacture, and market pharmaceutical products, including bupivacaine, lidocaine, and carbocaine, which are anesthetic drugs used in the pain pumps manufactured and marketed by I-Flow and/or DJO. (*Id.* ¶¶ 6, 7, 19.)

Fougner alleges that "[t]he continuous injection of medications over time directly into the shoulder joint . . . routinely causes serious and permanent damage to the cartilage of the shoulder joint." (*Id.* ¶ 15.) Fougner further alleges that the pain pump's continuous injection of pain relief medication directly into her shoulder joint caused her to suffer "glenohumeral chondrolysis," or a loss of cartilage in the shoulder joint, which is "an irreversible, disabling, and extremely painful condition." (*Id.*) Based on those allegations, Fougner brought claims for negligence, negligent misrepresentation, fraud, strict products liability, failure to warn, breach of implied warranty, and breach of express

warranty. On February 23, 2009, the parties stipulated to the dismissal of the AstraZeneca defendants without prejudice, (Docket No. 37), and on April 15, 2009, Fougner voluntarily dismissed Eastman Kodak from the action without prejudice, (Docket No. 50.) On November 19, 2009, Fougner filed a motion to dismiss Abbott and Hospira from the action with prejudice. (Docket No. 58.) Fougner notes that prior to filing the motion, Abbott, Hospira, and DJO all consented to dismiss Abbott and Hospira with prejudice, but I-Flow would only to agree to the stipulation if it dismissed the parties without prejudice. (Mem. in Supp. of Mot. to Dismiss at 1, Docket No. 60.)

## DISCUSSION

**I.     DISMISSAL UNDER RULE 41(a)(2)**

If all parties do not stipulate to the dismissal of a party from an action, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[A] dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court." *Great Rivers Coop. of SE Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999) (internal quotation marks omitted). In the context of a plaintiff's motion to dismiss a defendant without prejudice, the Eighth Circuit held that a court should consider:

> whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (citations omitted).

## II. HOSPIRA AND ABBOTT ARE DISMISSED WITHOUT PREJUDICE.

Fougner cites Wright and Miller's *Federal Practice and Procedure* for the proposition that "[if] the plaintiff moves for an order under Ruler 41(a)(2) for voluntary dismissal, specifically requesting that the dismissal be **with prejudice**, it has been held that the district court must grant that request." 9 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2367 at 551 (3d ed. 2008) (emphasis added). Fougner also asserts that no other party to the action has brought claims against Abbott or Hospira despite the expiration of the deadline to amend pleadings, and that Abbott and Hospira consent to the dismissal.

I-Flow makes two arguments in opposing the motion to dismiss Abbott and Hospira with prejudice and, in the alternative, in asking the Court to dismiss Abbott and Hospira without prejudice. First, I-Flow argues that it may be prejudiced by dismissal of Abbott and Hospira with prejudice. I-Flow contends that the critical claim in this case is that the continuous infusion of medication via the pain pump catheter directly into the shoulder joint caused Fougner's injury. Fougner asserts, however, that the manufacturer of the anesthetic medication at issue in this case has not been identified. I-Flow argues that discovery may reveal that I-Flow has claims against those Abbott or Hospira – as manufacturers of the anesthetic medication – or that I-Flow may be able to assert defenses to Fougner's claims based on evidence of Abbott's or Hospira's conduct. (I-Flow's Mem. in Opp'n to Mot. to Dismiss at 3, Docket No. 80.) Second, I-Flow argues that Fougner has not provided an adequate explanation justifying her request for dismissal of Abbott and Hospira with prejudice. (*Id.* at 4.)

As an initial matter, the cases cited by I-Flow in opposition to the motion are distinguishable, as they all address motions to dismiss parties without prejudice. *Great Rivers Coop.*, 198 F.3d at 688; *Hamm*, 187 F.3d at 948; *Witzman v. Gross*, 148 F.3d 988, 990 (8th Cir. 1998); *cf. Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987) (noting plaintiffs' request for voluntary dismissal and citing Rule 41(a)(2) for the proposition that "[u]nless otherwise specified in the order, a dismissal under this paragraph is without prejudice"). Moreover, as Fougner notes, the cases involved plaintiffs who sought dismissal in order to gain some advantage in the litigation: in three cases, the plaintiffs sought to avoid the defendant's motions to dismiss. *See Hamm*, 187 F.3d at 951 (holding that the district court did not abuse its discretion in denying a Rule 41(a)(2) motion to dismiss without prejudice where a magistrate judge had filed a Report and Recommendation recommending that the district court dismiss plaintiffs' civil RICO claims with prejudice, and where the district court "inferred that appellants were seeking to avoid an adverse decision on their civil RICO claims so that they could sue in another, arguably more favorable forum"); *Witzman*, 148 F.3d at 989-92 (noting that the plaintiff's Rule 41(a)(2) motion came on the heels of defendants' motion for summary judgment and after two of plaintiff's motions to amend were denied, and concluding that the plaintiff did not provide a sufficient explanation for her proposed dismissal); *Paulucci*, 826 F.2d at 782-84. In the fourth case, the plaintiff class sought dismissal of the defendant in order to take an early appeal. *Great Rivers Coop.*, 198 F.3d at 688 ("[T]he class moved for dismissal of its remaining claims without prejudice under Rule 41(a)(2), explaining that its purpose was to 'remove this obstacle' to immediate appellate review of the prior dismissal of its other claims.").

Notwithstanding those distinctions, dismissal of Abbott and Hospira with prejudice – prior to the identification of the manufacturer of the pharmaceutical administered in Fougner's pain pump – may seriously prejudice I-Flow. At this stage of the litigation, dismissal with prejudice may preclude I-Flow from bringing third-party claims against Abbott and Hospira – in the event they are dismissed from this action – after discovery has been conducted and the parties identify the manufacturer of the anesthetic solution. The mere fact that I-Flow has not brought claims against Abbott or Hospira, and that the time for amending pleadings in the case has passed, is not dispositive. Rule 14(a) provides that if a third-party plaintiff seeks to bring claims against a third-party defendant more than fourteen days after the filing of the original answer, it may seek permission to do so from the Court. Fed. R. Civ. P. 14(a)(1). Thus, if discovery produces evidence supporting claims or defenses for I-Flow vis-à-vis Abbott and Hospira, the Court may grant I-Flow permission to file a third-party complaint, even though such filing would occur after the pleading deadline.

"The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci*, 826 F.3d at 782. Here, dismissal with prejudice could unfairly affect I-Flow's entitlement to bring claims against Abbott and Hospira or to later establish defenses to Fougner's claims pending discovery.

Further, Fougner offers no explanation for her desire to dismiss Abbott and Hospira from the case with prejudice. *See Hamm*, 187 F.3d at 95051. Thus, the Court cannot even speculate on Fougner's motivation for filing the motion, and it need not do so. Further, Fougner fairly cites to the treatise by Wright & Miller, but that source does not provide binding precedent for this Court. (*See* Reply Mem. at 1, Docket No. 81

("I-Flow cites no legal authority contrary to the rule recited by Wright & Miller governing proposed dismissals with prejudice[.]").)

The Court may dismiss an action against a particular defendant at Fougner's request "on the terms that [it] considers proper." Fed. R. Civ. P. 41(a)(2). In the Court's view, there is a substantial risk of prejudice to I-Flow by dismissing Abbott and Hospira from the case with prejudice at this early stage of the litigation. Accordingly, the Court grants Fougner's motion in part by dismissing Abbott and Hospira from the action without prejudice.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff Jaimee Fougner's Motion to Dismiss with Prejudice Hospira, Inc. and Abbott Laboratories [Docket No. 58] is **GRANTED in part** and **DENIED in part**: The Court **DISMISSES** Abbott Laboratories and Hospira, Inc. from the case **without prejudice**.

DATED: June 23, 2010             ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                                       United States District Judge